IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : : : Plaintiff, : : v. : : PILOT FREIGHT SERVICES, INC., : : Defendant. : : ——————————————— : | CIVIL ACTION NO.  JURY TRIAL DEMAND |

# COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Thomas Hunt ("Hunt"), who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Pilot Freight Services, Inc. ("Defendant") discriminated against Hunt when it terminated his employment because of his actual and/or perceived disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345.  This action is authorized and instituted pursuant to: Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has conducted business in the State of Georgia and has continuously maintained at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the

ADEA, 29 U.S.C. §§ 630(b), (g) and (h), and under 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## **ADMINISTRATIVE PROCEDURES**

7. More than thirty days prior to the institution of this lawsuit, Hunt filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

8. On March 25, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 2, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Defendant is an international freight shipping and logistics company that ships and brokers freight within the United States and throughout the world.

12. Since at least June 2019, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

13. Hunt is a qualified individual who has a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Hunt has a physical impairment, cancer, which substantially limits him in the major life activities that include, but are not limited to, normal cell growth, his ability to care for himself, eating, speaking, breathing, and communicating.

14. In or about February 2019, Hunt was interviewed by Defendant's Regional Southeast Vice President and Defendant's Atlanta District Manager.

15. On or about April 22, 2019, Hunt was hired by Defendant as an International Manager.

16. At the time of hire, Hunt was told by management that he was specifically hired to help increase revenue.

17. From February 2019 through May 2019, Hunt lost over 35 pounds and began having difficulty speaking due to a tumor growth in his mouth, resulting in an

obvious, sudden and drastic decline in his physical appearance that was noticed by management and Hunt's co-workers.

18. Beginning in or about May 2019, Hunt also began to experience swelling of his mouth.

19. On or about May 29, 2019, Hunt saw an oral surgeon for a biopsy of his saliva glands.

20. On or about June 7, 2019, Hunt received the results of the biopsy test.

21. On or about June 11, 2019, Hunt sent an e-mail to his manager informing him that his biopsy results were not positive in nature and that he would need to leave early on June 12, 2019 to review the pathology report with his doctor.

22. On or about June 16, 2019, Hunt sent his manager another e-mail informing him that his doctor scheduled additional testing in Birmingham, Alabama, causing Hunt to be absent from work on June 17, 2019.

23. On or about June 27, 2019, Hunt received a letter from Defendant's Director of Human Resources stating that Defendant is restructuring, Hunt's job was selected for elimination, and Hunt was discharged effective immediately.

24. Hunt's health benefits were set to begin on July 1, 2019.

25. During the months after Hunt's hire and after his discharge, Defendant posted over 85 job openings nationwide from May 2019 through December 2020

and hired 25 new Atlanta employees within a year.

26. In or about June 2019, Defendant laid off several employees due to an alleged nationwide company restructuring. Hunt was one of the employees selected for lay off, purportedly due to his short tenure with Defendant.

27. However, several employees who were hired after Hunt (including an employee who was hired as late as June 7, 2019) were not terminated.

28. On or about December 18, 2019, a position was posted for an International Operations Manager (International Manager) at Defendant's Atlanta Georgia location.

29. The job responsibilities and qualifications of the International Operations Manager position are identical to that of International Manager, the position held by Hunt.

30. Defendant filled the International Operations Manager position on or about January 13, 2020 and paid the new hire a higher salary than what Hunt was paid.

31. Hunt was able to perform all of the duties of his position with or without a reasonable accommodation at the time of his discharge.

32. Hunt was not given an opportunity to request an accommodation or engage in any interactive process.

33. The effect of the practice(s) complained of above has been to deprive Hunt of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

34. The unlawful employment practices complained of above were intentional.

35. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Hunt's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all employees with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Hunt whole, by providing appropriate back pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but

not limited to reinstatement or front pay in lieu of reinstatement.

D.     Order Defendant to make Hunt whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Hunt whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Hunt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS

-9-

Acting General Counsel

LISA MORELLI
Acting Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Adam T. Mills*
Adam T. Mills
Trial Attorney
Georgia Bar No. 123930
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
adam.mills@eeoc.gov
470-531-4807